THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY v. W. R. KIRKPATRICK.

1. ATTORNEY AND CLIENT — *Compensation.* A railroad company employing an attorney to perform services connected with the construction of a connecting line, which it contemplates operating as an extension of its road, is liable for his services, and cannot defeat an action for the recovery of his compensation on the ground that its general officers had no power to bind the corporation for such services.

2. EVIDENCE — *Findings, When Conclusive.* The findings of the trial court on disputed questions of fact, when fairly supported by competent evidence, are conclusive.

*Error from Harper District Court.*

ACTION by *Kirkpatrick* against the *Railroad Company* to recover for his services as attorney. Judgment for plaintiff, at the January term, 1890. The defendant comes to this court. The facts appear in the opinion.

*A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*George E. McMahon,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: This action was brought by defendant in error to recover compensation for his services as attorney. The defendant denied liability, claiming that plaintiff never was employed by it as its attorney; that whatever services were in fact performed were for another corporation, known as the St. Louis, Kansas & Southwestern Railroad Company, and that for those services he was paid in full by an annual pass over the defendant's road. Various objections were made to the introduction of testimony; and, among others, to a question asked the witness Love with reference to the value of the services for which plaintiff claimed compensation. It is urged that the question includes services not shown by the evidence to have been performed by him. In

order that a witness may be permitted to testify as to the value of services for which compensation is claimed, it is not necessary that the rendition of the services be conclusively shown, but is sufficient if there is testimony fairly tending to establish the claim. We think there was such evidence in this case. While the question is somewhat objectionable because it includes a number of items concerning which it would have been better to make separate inquiries, in view of the fact that, on cross-examination, these separate matters were fully inquired into, we see no material error in the ruling of the court. The other questions raised on the admission of testimony we do not deem of sufficient importance to require a special mention, but perceive no substantial error in the rulings of the court.

The railroad company contends that it did not, in fact, employ the plaintiff as its attorney; that the road was built by the St. Louis, Kansas & Southwestern Railway Company, and that, even if it were shown that the officers of the defendant company did in fact employ the plaintiff to perform services connected with the construction of the road, the defendant company would not be bound, because such officers would have no power to bind the defendant company for such services. As to the question of fact, the testimony was conflicting, and the trial court resolved the doubt in favor of the plaintiff. This finding is conclusive on us. As to the power of the officers of the St. Louis & San Francisco company to bind it by a contract with an attorney to perform services connected with the building of a line of road belonging to another railroad corporation, while we incline to the opinion that under some circumstances they could not do so, under the facts disclosed in this case, it appears that the defendant company had a direct interest in the construction of this road; that it was not only a connecting line, but that immediately after the road was completed it was operated by the defendant company. If the new line of road was but an extension of the defendant's line, constructed under the name of a Kansas corporation, with a view either to a consolidation

or the operation of the new road under a lease, it would not be reasonable to say that the defendant had no interest in its construction, and could not bind itself by a contract for services to be rendered in connection with its construction. We think, in dealing with Mr. O'Day, who was vice president and general counsel of the defendant company, as he himself testifies, the plaintiff had the right to presume that he was authorized to contract for legal services, and especially so where the acts of the plaintiff and the debts contracted by him under his employment were ratified and paid by other officers of the company, as shown by the evidence.

We do not think that the fact that the trial court deducted $100 from what it found to be the value of plaintiff's services on account of the pass issued to plaintiff shows that the court decided the case on any theory of allowing damages to the plaintiff for the failure of the defendant to continue the pass. The court found the value of plaintiff's services to be $900. The plaintiff sued to recover the value of his services. We do not see that the defendant has any right to complain of the $100 deduction. We perceive no substantial error in the record, and the judgment will be affirmed.

All the Justices concurring.